### BEAUCHAMP *v.* HAYES STORES COMPANY.

#### Opinion delivered June 23, 1924.

1. SALES—EVIDENCE.—In an action on an account for goods sold to defendant B, where the defense was that the goods were sold to C, who was B's successor, and plaintiff's manager testified that he never knew anything about B having sold his business to C until after the sales involved, it was competent for B to prove by a witness that the latter purchased goods on a written order from C prior to the sales in question.

2. APPEAL AND ERROR—HARMLESS ERROR—EXCLUSION OF EVIDENCE.— The exclusion of competent testimony tending to establish the defense is prejudicial error.

Appeal from Pulaski Circuit Court, Second Division; *Richard M. Mann,* Judge; reversed.

##### STATEMENT OF FACTS.

Hayes Stores Company sued C. L. Beauchamp in the municipal court of Little Rock to recover $212.62 alleged to be a balance due for merchandise. The defendant denied owing the account. From an adverse judgment the plaintiff appealed to the circuit court.

According to the testimony of T. J. Hart, he was the manager for Hayes Stores Company in Little Rock, Arkansas, and was acquainted with C. L. Beauchamp. The latter owed the former a balance of $212.62 for merchandise. Beauchamp had been a customer of the Hayes Stores Company for about six years before the transaction in question, and his credit had always been good. The disputed account consists of various items, and runs from May 12 to June 20, 1922. Beauchamp bought some of the goods himself, but for the most part he sent his wagon to the store for the goods. Tickets were given to the driver when he received the goods. He said that he never knew anything about the Colonial Investment Company until the 24th day of June, 1922. Beauchamp then claimed that the Colonial Investment Company had bought a part of the goods in question.

C. L. Beauchamp was a witness for himself. According to his testimony, certain items of the account in question were purchased by the Colonial Investment Company, and Hart knew that fact and checked off some of the items on the account charged to Beauchamp and put them on the account of the Colonial Investment Company. Hart knew that the Colonial Investment Company had purchased the business of Beauchamp, and had continued to buy goods from the Hayes Stores Company.

Jim Wright was a witness for the defendant. According to his testimony, C. L. Beauchamp sold out to the Colonial Investment Company about the 28th day of April, 1922. The witness had been working for Beauchamp, and continued to work for the Colonial Investment Company. He worked for that company until some time in August. Beauchamp never had anything to do with the business after he sold it.

Ed Joiner was also a witness for the defendant. He worked for Beauchamp until he sold his business to the Colonial Investment Company, and worked for that company after it purchased the business. Joiner was first

permitted to testify that the Colonial Investment Company gave him an order for certain merchandise to the Hayes Stores Company on the 5th of May, 1922, and that he got the merchandise in question from T. J. Hart. Subsequently this testimony was excluded from the jury because the goods purchased by Joiner for the Colonial Investment Company could not be identified as part of the account sued on.

The jury returned a verdict in favor of the plaintiff for $212.62, and from the judgment rendered the defendant has duly prosecuted an appeal to this court.

*Lewis Rhoton* and *X. O. Pindall,* for appellant.

*Price Shofner,* for appellee.

HART, J., (after stating the facts). It is insisted that the court erred in excluding from the jury the testimony of Ed Joiner to the effect that he had purchased certain merchandise on the 5th of May, 1922, from the Hayes Stores Company on an order sent by the Colonial Investment Company. The court excluded the testimony on the ground that the defendant could not identify the goods purchased as part of the account sued on. This did not make any difference. It is true, as contended by counsel for appellee, that testimony collateral to the main issue in a case cannot be introduced; but we do not think that that rule has any application here. According to the testimony of T. J. Hart, who was the manager of the Hayes Stores Company, he did not know anything about the Colonial Investment Company having purchased the business of C. L. Beauchamp until the 24th day of June, 1922. The goods sold before that date were sold on the credit of C. L. Beauchamp, and were charged to him. The testimony of Joiner to the effect that he bought goods from Hart on the 5th of May, 1922, on an order from the Colonial Investment Company, tended to contradict the testimony of Hart which we have just referred to above.

The jury might have found from the testimony of Joiner, which was excluded from it, that Hart was mis-

taken when he said that he did not know anything about the Colonial Investment Company having purchased the business of Beauchamp and commencing to trade with the Hayes Stores Company, until the 24th day of June, 1922.

It will be noted that Joiner testified that he got the goods from Mr. Hart himself on an order of the Colonial Investment Company on the 5th of May, 1922. If he did this, Hart would know from the transaction, at least, that the Colonial Investment Company was trading with him, and the testimony would tend to contradict that given by Mr. Hart.

We cannot know what credence the jury would have given to the testimony, and, as the jury is the exclusive judge of the credibility of the witnesses, it was necessarily prejudicial to the rights of the defendant to exclude testimony which was competent and tended to establish the defense of the defendant.

Therefore the judgment will be reversed, and the cause will be remanded for a new trial.